3011248-RTV/RGW

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RYAN COMPANIES US, INC., a Minneapolis corporation, OAK BROOK MECHANICAL SERVICES, INC., an Illinois corporation, and WESTFIELD INSURANCE COMPANY, an Ohio corporation; | No: |
| Plaintiffs, | |
| v. | |
| SECURA INSURANCE COMPANY, a Wisconsin corporation, | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiffs, RYAN COMPANIES US, INC., ("Ryan"), OAK BROOK MECHANICAL SERVICES, INC. ("Oak Brook Mechanical"), and WESTFIELD INSURANCE COMPANY ("Westfield"), by SmithAmundsen LLC, pursuant to 28 U.S.C. §2201 and 2202, for their Complaint for Declaratory Judgment and other relief against Defendant, SECURA INSURANCE COMPANY ("Secura"), state as follows:

### COUNT I – ALL PLAINTIFFS
### DECLARATORY JUDGMENT

### JURISDICTION

1.      The jurisdiction of the Court is premised upon 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**VENUE**

2.      Venue is premised upon 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to this suit occurred in this District.

**THE PARTIES**

3.      At all times relevant hereto, Ryan was a Minnesota corporation, with its principal place of business located in Minneapolis, Minnesota.  Ryan was the general contractor at a construction project in the Village of Hoffman Estates, Illinois at which Byron Romanek ("Romanek") was allegedly injured.  Said injuries are the subject of the *Romanek* suit, described below.

4.      At all times relevant hereto, Oak Brook Mechanical was an Illinois corporation, with its principal place of business located in Elmhurst, Illinois.  Oak Brook Mechanical was a sub-contractor of Ryan at the construction project at which Romanek was allegedly injured.

5.      At all times relevant hereto, Westfield was an Ohio corporation, with its principal place of business located in Westfield Center, Ohio.  Westfield issued a certain policy of liability insurance to Oak Brook Mechanical, as detailed herein.  Ryan qualifies as an additional insured on the Westfield policy, subject to the policy's terms and conditions.  Westfield has provided, and continues to provide, Oak Brook Mechanical and Ryan with defenses in the *Romanek* suit.

6.      At all times relevant hereto, Secura was a Wisconsin corporation, with its principal place of business located in Appleton, Wisconsin.

7.      On information and belief, Secura issued a policy of liability insurance to B & N Heating and Air Conditioning, Inc. ("B & N"), Policy No. CP 309 99 46, effective March 9, 2006 through March 9, 2007 ("the Secura policy").

8.      B & N was a subcontractor of Oak Brook Mechanical at the construction project at which Romanek was allegedly injured and was Romanek's employer at the time of said injury.

9.      Oak Brook Mechanical and Ryan assert that they are additional insureds under the Secura Policy, but Secura has denied coverage to Oak Brook Mechanical and Ryan.

## THE *ROMANEK* SUIT

10.      On July 2, 2008, Romanek filed an Amended Complaint at Law against Ryan and Oak Brook Mechanical in the Circuit Court of Cook County, Illinois, Law Division, Court No. 08 L 003470 (the "*Romanek* suit").   A copy of the Amended Complaint filed in the *Romanek* suit is attached hereto as Exhibit A.

11.      The Amended Complaint in the *Romanek* suit alleges that on March 31, 2006, Romanek was employed by B & N to perform work on a building being constructed or repaired located at 5401 Trillium Blvd., Hoffman Estates, Illinois (the "Project").

12.      The Amended Complaint alleges that Ryan was the general contractor for the Project.

13.      The Amended Complaint alleges that, on March 31, 2006, Romanek was injured when he fell through a hole while working on the roof of the building at the Project.

14.     The Amended Complaint alleges that Ryan was negligent by committing one or more negligent acts or omissions, including but not limited to the following:

    (a)     Failed to provide a fixed object to which the plaintiff could tie off his safety lanyard;

    (b)     Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew, or in the exercise of ordinary care should have known, that the inspection was necessary to prevent injury to the plaintiff;

    (c)     Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the plaintiff was injured;

    (d)     Failed to provide the plaintiff with a safe place within which to work;

    (e)     Failed to warn the plaintiff of the dangerous conditions then and there existing, when the defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the plaintiff;

    (f)     Failed to provide adequate safeguards to prevent the plaintiff from injury while lawfully upon said premises;

    (g)     Failed to supervise the work being done on the aforesaid premises;

* * *

15.     The Amended Complaint alleges that, as a proximate result of Ryan's negligence, Romanek sustained damages in excess of $50,000.

16.     The Amended Complaint alleges that Oak Brook Mechanical was a contractor for the construction at the Project.

17.     The Amended Complaint alleges that Oak Brook Mechanical was negligent by committing one or more negligent acts or omissions, including but not limited to the following:

    (a)     Failed to provide a safety lanyard in working condition to protect the plaintiff from falls;

(b)     Failed to provide a fixed object to which the plaintiff could tie off his safety lanyard;

(c)     Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew, or in the exercise of ordinary care should have known, that the inspection was necessary to prevent injury to the plaintiff;

(d)     Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the plaintiff was injured;

(e)     Failed to provide the plaintiff with a safe place within which to work;

(f)     Failed to warn the plaintiff of the dangerous conditions then and there existing, when the defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the plaintiff;

(g)     Failed to provide adequate safeguards to prevent the plaintiff from injury while lawfully upon said premises;

(h)     Failed to supervise the work being done on the aforesaid premises.

* * *

18.     The Amended Complaint alleges that as a proximate result of Oak Brook Mechanical's negligence, Romanek sustained damages in excess of $50,000.

19.     Ryan and Oak Brook Mechanical deny that they acted negligently or that they are liable for Romanek's injuries and bring this suit without prejudice to said denials.

### THE B & N /OAK BROOK CONTRACT OR AGREEMENT

20.     Oak Brook Mechanical entered into a contract or agreement with B & N, pursuant to which B & N was to perform work as Oak Brook Mechanical's subcontractor at the Project.

21.     As a part of said contract or agreement, on December 2, 2005, Oak Brook Mechanical sent a correspondence to B & N, requiring that B & N add Oak Brook Mechanical and Ryan as additional insureds on B & N's liability insurance policy.

22.     To confirm B & N's acceptance of this requirement, Oak Brook Mechanical required that B & N provide a certificate of insurance, showing that Oak Brook Mechanical, Ryan and others were added as additional insureds on B & N's liability insurance policy.   A true and correct copy of the December 2, 2005 correspondence is attached as Exhibit B.

23.     On information and belief, pursuant to said contract or agreement, B & N contacted its insurance producer, McNellis & Company, Inc. ("McNellis"), and informed McNellis that Ryan and Oak Brook Mechanical were to be added as additional insureds on B & N's liability insurance policy, which had been issued by Secura.

24.     In furtherance of said contract or agreement, on December 8, 2005 McNellis, issued a Certificate of Liability Insurance identifying Ryan and Oak Brook Mechanical as additional insureds on the Secura policy that was effective from March 9, 2005 through March 9, 2006.   A true and correct copy of the Certificate of Liability Insurance is attached hereto as Exhibit C.

25.     On information and belief, at all times relevant hereto, McNellis was party to an agency contract or agreement with Secura, pursuant to which McNellis had authority to bind insurance coverage on behalf of Secura and issue certificates of insurance evidencing such coverage.

26.     On February 8, 2006, Oak Brook Mechanical issued a Purchase Order to B & N to furnish and install all ventilation work for the Project "per plans, specs, city

codes and your quote" (in the sum of $2,060,100.00).  The Purchase Order states that a

Certificate of Insurance was "previously provided."   A true and correct copy of the

February 8, 2006, Purchase Order is attached hereto as Exhibit D.

27.     On March 9, 2006, McNellis issued a second Certificate of Liability

Insurance, which pertained to the renewal period of the Secura policy, March 9, 2006 to

March 9, 2007.  The certificate again identified Ryan, Oak Brook Mechanical and others

as additional insureds on the Secura policy for said term.  A true and correct copy of the

second Certificate of Liability Insurance is attached hereto as Exhibit E.

28.     On or about March 9, 2006, Oak Brook Mechanical was provided with the

second certificate by McNellis.

### THE SECURA POLICY AND ADDITIONAL INSURED ENDORSEMENT

29.     Secura issued Policy No. CP 309 99 46 to B & N with an effective period

of March 9, 2006 to March 9, 2007 (the "Secura policy").

30.     On information and belief, the Secura policy contains an endorsement

entitled "Additional Insured Wrap" which states as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE FORM
BUSINESSOWNERS LIABLITY COVERAGE FORM

1.  Additional   Insured   When   Required   by   Written
    Construction Contract

    A.     Operations Performed for an Additional Insured

           Who is an insured is amended to include as an
           additional insured any person or organization for
           whom you are performing operations when you and
           such person or organization <u>have agreed in writing
           in a contract or agreement</u> that such person or
           organization be added as an additional insured on

your policy.  Such person or organization is an
additional insured only with respect to liability for
"bodily injury," "property damage". . . caused, in
whole or in part, by:

1.    Your acts or omissions; or

2.    The acts or omissions of those acting on your
      behalf;

in the performance of your ongoing operations for
the additional insured.

A person or organization's status as an additional
insured under this provision ends when your
operations for that additional insured are completed.

\* \* \*

## TENDERS OF  THE *ROMANEK* SUIT TO SECURA

31.    By letter dated June 10, 2008, based on its status as an additional insured

on the Secura policy, Oak Brook Mechanical, selectively tendered its defense and

indemnity in the *Romanek* suit, pursuant to *John Burns Constr. Co. v. Indiana Ins. Co.*,

189 Ill. 2d 570 (2000), to B & N and Secura.  A true and correct copy of the June 10,

2008, tender letter is attached hereto as Exhibit F.

32.    On or about December 11, 2008, based on its status as an additional

insured on the Secura policy, Ryan selectively tendered its defense and indemnity in the

*Romanek* suit to Secura by sending a letter to the effect to B & N, with a copy to Secura's

agent, McNellis.  A copy of Ryan's letter is attached as Exhibit G.

33.    On information and belief, Secura received actual notice of Ryan's tender

a short time after Ryan's letter was sent to B & N and McNellis.

34.     In addition, Secura had actual notice of Ryan's entitlement to coverage as an additional insured upon receipt of Oak Brook Mechanical's tender, as Ryan's entitlement was clear, based on the materials provided by Oak Brook Mechanical.

## SECURA'S REJECTION LETTER

35.     On February 19, 2009, Secura sent a letter to Oak Brook Mechanical, "rejecting" Oak Brook Mechanical's tender of the *Romanek* suit.  A true and correct copy of Secura's letter is attached hereto as Exhibit H.

36.     Secura's letter asserted that there was no written contract or agreement between B & N and Oak Brook Mechanical that would "trigger Secura's duty to defend or indemnify" Oak Brook Mechanical under the terms of the Additional Insured Wrap endorsement.

37.     Secura's letter to Oak Brook Mechanical raised no other defenses to coverage for Oak Brook Mechanical and reserved no rights of Secura.

38.     Secura has never communicated with Ryan in response to Ryan's tender and/or with respect to Ryan's entitlement to coverage under the Secura Policy.

## APPLICABLE LAW

39.     An actual controversy exists between the parties concerning whether insurance coverage is provided to Ryan and Oak Brook Mechanical by the Secura policy for the *Romanek* suit.

40.     Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court is granted the power to determine and adjudicate the rights and the obligations of the parties hereto.

**BASIS FOR RELIEF**

41.     Oak Brook Mechanical and Ryan are entitled to additional insured status under the Secura Policy because, prior to the time of Mr. Romanek's injury, B & N had agreed in writing in a contract or agreement to name Ryan and Oak Brook Mechanical as additional insureds; and because the allegations of the *Romanek* suit against Ryan and Oak Brook Mechanical give rise to the potential that Ryan's and Oak Brook Mechanical's alleged liability to Romanek, if any, will arise, in whole or in part, out of an act of omission of B & N or those acting on B & N's behalf, including but not limited to Romanek, thus falling within the coverage provided by Secura's endorsement.

42.     Secura owed, and continues to owe, a duty to defend and indemnify Ryan and Oak Brook Mechanical in the *Romanek* suit, said duty triggered no later than the time at which Secura received Oak Brook Mechanical's selective tender letter of June 10, 2008.

43.     Secura failed and refused to defend Ryan and Oak Brook Mechanical in the *Romanek* suit under a reservation of rights or otherwise, and failed to promptly file a declaratory judgment suit in order to adjudicate its rights and duties with respect to Ryan and Oak Brook Mechanical's status as additional insureds.  Secura is therefore estopped to deny indemnity to Ryan and Oak Brook Mechanical for their liabilities, if any, in the *Romanek* suit.

44.     In addition, by failing to raise any other coverage defenses or otherwise reserve its rights, Secura has waived all coverage defenses, if any, to which it would otherwise be entitled to raise to the claims of Ryan and Oak Brook Mechanical.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth hereinabove, Plaintiffs pray that the court find and declare that Secura owes Ryan and Oak Brook Mechanical a duty to defend and a duty to indemnify in the *Romanek* suit, subject only to the Secura policy's limit of liability, for an award of their costs incurred herein and for such further relief as the court deems just.

**COUNT II - WESTFIELD**

**RECOVERY OF DEFENSE EXPENSES BASED ON EQUITABLE SUBROGATION**

**JURISDICTION**

45.     The Court has supplemental jurisdiction for the claim set forth in this Count pursuant to 28 U.S.C. 1367, in that the claim is so related to the claim set forth in Count I, which is within the original jurisdiction of the Court, that it forms part of the same case or controversy.

**VENUE**

46.     Venue is premised upon 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to this suit occurred in this District.

**STATEMENT OF CLAIM**

47.     Westfield repeats and realleges paragraphs 1-44 of Count I of this Complaint as and for Paragraph 47 of this Count II, as though fully set forth herein.

48.     Westfield issued a policy of liability insurance to Oak Brook Mechanical, Policy No. CMM 3955430, with an effective period of December 31, 2005 to December 31, 2006 (the "Westfield policy").  A certified copy of the General Liability coverage part of the Westfield policy is attached hereto as Exhibit I.

49.   The Insuring Agreement of the Westfield Policy provides:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.

\*        \*        \*

50.   The Westfield Policy contains an Additional Insured Endorsement which

provides as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

**A.**   **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.**   Your acts or omissions; or

**2.**   The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

\*        \*        \*

51.   Westfield has provided a defense to Ryan in the *Romanek* suit, pursuant to

the additional insured endorsement and the contract between Ryan and Oak Brook

Mechanical for work at the Project, which required that Ryan be made an additional

insured on Oak Brook Mechanical's liability insurance policy.

52.     Because Secura breached its duty to defend Ryan and Oak Brook Mechanical in the *Romanek* suit, Westfield has provided each of them with a defense.

53.     The Westfield Policy contains an "Other Insurance" provision which provides as follows:

**SECTION IV – COMMMERCIAL GENERAL LIABLITY CONDITIONS**

**4.      Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a.      Primary Insurance:

This insurance if primary, except when b below applies.

\*\*\*

b.      Excess Insurance:

This insurance is excess over:

\*\*\*

(2)  Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

\* \* \*

54.     Pursuant to the "Other Insurance" provision of the Westfield Policy, and Oak Brook Mechanical's selective tender to Secura, the Secura policy provides primary insurance, owes the sole duty to defend Oak Brook Mechanical in the *Romanek* suit and has owed said duty since a time no later than Secura's receipt of Oak Brook Mechanical's tender letter.

55.     Based on Ryan's selective tender to Secura, the Secura policy provides the sole primary insurance, owes the sole duty to defend Ryan in the *Romanek* suit and has owed said duty since a time no later than Secura's receipt of Ryan's tender letter.

56.     Westfield is entitled to recovery based on equitable subrogation against Secura, and reimbursement from Secura of defense costs that Westfield paid on behalf of: (a) Oak Brook Mechanical, which were in the approximate amount of $34, 993.75, as of December 14, 2009; and (b) Ryan, which were in the approximate amount of $22,630 as of December 14, 2009.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth hereinabove, Westfield prays that judgment be entered in its favor, and against Secura, in the amount of $57,623.75, plus the amount of any additional expenses incurred by Westfield in the defense of Ryan and/or Oak Brook Mechanical subsequent to December 14, 2009, plus Westfield's costs incurred herein, and such further relief as the court deems just.

## COUNT III - WESTFIELD

## EQUITABLE ALLOCATION OF RYAN'S DEFENSE EXPENSES

57.     Westfield repeats and realleges paragraphs 1 – 52 of Count II as and for Paragraph 57 of this Count III, as though fully set forth herein.  This count is pleaded in the alternative and without prejudice.

58.     Pursuant to Ryan's status as an additional insured under the policy that Westfield issued to Oak Brook Mechanical, Westfield has defended Ryan in the *Romanek* suit, and, as of December 14, 2009, incurred defense costs in the sum of approximately $22,630.

59.     Without prejudice to Westfield's position that Secura owes the sole duty to defend Ryan, in the event that the court determines that both Secura's and Westfield's policies both owe Ryan a duty to defend, the cost of defending Ryan in the *Romanek* suit should be equitably allocated equally between them.   On that basis, Secura must reimburse Westfield the sum of $11,315 for defense costs incurred through December 14, 2009, plus 50% of any further expenses that Westfield incurs in the defense of Ryan in the *Romanek* suit.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth hereinabove, Westfield prays that judgment be entered in its favor, and against Secura, in the amount of $11,315, plus 50% of all additional expenses incurred in the defense of Ryan subsequent to December 14, 2009, plus Westfield's costs incurred herein, and such further relief as the court deems just.

## COUNT IV – WESTFIELD

## CONTRACTUAL SUBROGATION

60.     Westfield repeats and realleges Paragraphs 1-52 of Count II as and for Paragraph 60 of this Count IV, as though fully set forth herein.   This count is pleaded in the alternative and without prejudice.

61.     The Westfield Policy contains a "Transfer of Rights" condition which provided as follows:

**8.     Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.   The insured must do nothing after loss to impair them.   At you request, the insured will

> bring "suit" or transfer those rights to us and help us
> enforce them.

* * *

62.     Pursuant to the "Transfer of Rights" condition, Ryan's and Oak Brook

Mechanical's rights against Secura are transferred to Westfield.

63.     Based on Secura's breach of its duty to defend Ryan and Oak Brook

Mechanical in the *Romanek* suit, and the "Transfer of Rights" condition, Westfield is

contractually subrogated to the rights of Ryan and Oak Brook Mechanical against Secura

and is entitled to recover: (a) The sum of $57,623.75 from Secura for costs incurred by

Westfield in the defense of Ryan and Oak Brook Mechanical through December 14,

2009, plus the amount of all additional expenses incurred by Westfield in the defense of

Ryan and Oak Brook Mechanical subsequent to December 14, 2009;   (b) in the

alternative and without prejudice, with respect to Oak Brook Mechanical the sum of $34,

993.75, plus the amount of any additional expenses incurred by Westfield in the defense

of Oak Brook Mechanical subsequent to December 14, 2009,  and with respect to Ryan,

the sum of $11,315, plus a 50% share of any further expenses that Westfield incurs in the

defense of Ryan subsequent to December 14, 2009.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth hereinabove, Westfield prays that this

Court enter judgment in its favor, and against Secura:  (a) In the sum of $57,623.75 for

costs incurred by Westfield in the defense of Ryan and Oak Brook Mechanical through

December 14, 2009, plus the amount of all additional expenses incurred by Westfield in

the defense of Ryan and Oak Brook Mechanical subsequent to December 14, 2009;  (b)

in the alternative and without prejudice, with respect to Oak Brook Mechanical, in the

sum of $34, 993.75, plus the amount of any additional expenses incurred by Westfield in the defense of Oak Brook Mechanical subsequent to December 14, 2009,  and with respect to Ryan, in the sum of $11,315, plus a 50% share of any further expenses that Westfield incurs in the defense of Ryan subsequent to December 14, 2009; (c) for Westfield's costs incurred herein; and (d) such further relief as the court deems just.

Respectfully submitted,

WESTFIELD INSURANCE COMPANY,
OAK BROOK MECHANICAL SERVICES, INC.,
and RYAN COMPANIES US, INC.


By:   s/Richard T. Valentino
      One of Its Attorneys


Richard T. Valentino, Esq. (ARDC #6188317)
Rachael G. Winthrop (ARDC #6277954)
SmithAmundsen LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL  60601
Telephone:   (312) 894-3200
Facsimile:    (312) 894-3210