# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1035 | **DATE** | 9/7/2010 |
| **CASE TITLE** | Ryan Companies, et al. Vs. Secura Insurance Co. | | |

**DOCKET ENTRY TEXT**

Secura's motion (8) to dismiss is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

    Plaintiffs Ryan Companies, Inc. ("Ryan"), a general contractor, Oak Brook Mechanical Services, Inc. ("Oak Brook"), a subcontractor, and Westfield Insurance Company ("Westfield"), Ryan's and Oak Brook's insurer, seek a declaratory judgment stating that Oak Brook and Ryan are entitled to additional insured status under non-party B&N Heating and Air Conditioning, Inc.'s ("B&N") liability insurance policy with defendant Secura Insurance Company ("Secura")(Count I). B&N was a subcontractor for Oak Brook on a construction project for which Oak Brook was Ryan's subcontractor (the "Project"). An employee of B&N sued Ryan and Oak Brook for negligence, seeking damages relating to injuries he allegedly suffered while working on the Project (the "Romanek suit").[1] Plaintiffs contend that Ryan and Oak Brook are covered under the Secura policy and that Secura breached its duty to defend them under a reservation of rights or otherwise when it did not accept their written tenders of defense. Secura moves to dismiss the complaint.

    Attached to the complaint is a certificate of insurance, which names Ryan and Oak Brook as additional insureds on the Secura policy. Secura argues that the certificate means nothing because a condition precedent to coverage is lacking, namely, a written agreement between the parties memorializing the requirement that B&N name Ryan and Oak Brook as additional insureds on the Secura policy. The policy language at issue states: "Who is an insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization <u>have agreed in writing in a contract or agreement</u> that such person or organization be added as an additional insured on your policy." (Compl. ¶ 30)(emphasis in original).

    In support of its argument Secura relies heavily on *United Stationers Supply Co. v. Zurich Am. Ins. Co.*, 896 N.E.2d 425 (Ill. App. Ct. 2008). But that case, decided on summary judgment, does not suggest dismissal is appropriate in the case at hand. *Id.* at 434-440 (finding no additional insured status where there was no written agreement or any evidence of intent between the parties to add an additional insured, distinguishing itself from *West Am. Ins. Co. v. J.R. Constr. Co.*, 777 N.E.2d 610 (Ill. App. Ct. 2005), which found additional insured status based on evidence of intent by the parties to include a party as an additional insured with no written contract);

| STATEMENT |
|---|
| *see also Mid-Am Builders, Inc. v. Federated Mutual Ins. Co.*, 194 F. Supp. 2d 822 (C.D. Ill. 2002)(finding on summary judgment additional insured status where contract did not include agreement to include party as additional insured, but transmittal letter stating "please issue a current certificate of insurance..." together with subcontract provided sufficient evidence of intent to allow for additional insured status).<br><br>  Here, the complaint alleges that there was an agreement, evidenced by several written documents, among other things, showing a mutual understanding between the parties that Ryan and Oak Brook be named additional insureds on the Secura policy for work on the Project. Moreover, the purchase order itself affirmatively states that a certificate of insurance had previously been provided, which suggests that additional insured coverage was required. In short, plaintiffs have sufficiently stated their claim. Secura's motion to dismiss is denied. |

1. Counts II-IV of the complaint allege various theories of recovery for expenses Westfield has incurred in providing defenses for Oak Brook and Ryan in the Romanek suit.